BLD-212                                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3740

_____

ALLYSON WALLACE,

Appellant

v.

UNITED PARCEL SERVICE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-02544)
District Judge: Honorable Peter G. Sheridan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

June 4, 2010

Before: RENDELL, CHAGARES AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2010)

_____

OPINION

_____

PER CURIAM

    Allyson Wallace appeals pro se from the District Court's order granting the

defendant's motion for summary judgment.  Because the appeal does not present a

substantial question, we will summarily affirm.

## I.

In May 2007, Allyson Wallace filed a pro se civil complaint in the United States District Court for the District of New Jersey against the United Parcel Service ("UPS"), her former employer. The complaint alleged that UPS breached its fiduciary duties to Wallace by denying her disability benefits for injuries sustained while working at UPS, and failing to provide Wallace a reasonable explanation of why her benefits were denied. Wallace also alleged that UPS and its staff conspired against her in denying her benefits in violation of her rights under the 13th, 14th and 15th Amendments. The complaint also alleged discrimination, hostile work environment, failure to promote, and retaliation in violation of Title VII.

At the close of discovery, UPS moved for summary judgment on the basis that Wallace's claims had already been fully and finally adjudicated, and were barred by the doctrines of *res judicata* and collateral estoppel. UPS also argued that Wallace was not eligible for long-term disability benefits as a matter of law, because UPS only offers such benefits to full-time employees, and Wallace was a part-time employee. Wallace opposed the motion. Following a hearing on the motion, the District Court granted summary judgment in favor of UPS. Wallace timely filed a pro se notice of appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise

2

plenary review over the District Court's dismissal. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

Upon careful review of the record, we agree with the District Court that summary judgment for the defendant was appropriate. Issue preclusion, or collateral estoppel, bars the relitigation of a fact or legal issue that has already been actually litigated. Peloro v. United States, 488 F.3d 163, 174 (3d Cir. 2007). Issue preclusion applies where (1) the issue presented in the present action is identical to the issue presented in the earlier action; (2) the first court or tribunal issued a final judgment on the merits; (3) the issue is asserted by the same party; (4) the party had a fully and fair opportunity to litigate the issue; and (5) the determination of the issue was essential to the final judgment. Id. at 174-75. All of the prerequisites for the application of issue preclusion are present here. The record reflects that in June 2001, Wallace sustained an injury at work, for which she filed a petition with the New Jersey Division of Workers' Compensation (the "Division") requesting worker's compensation payments. She filed a second petition with the

3

Division the following day. The Division conducted a hearing and in a written opinion, dismissed both petitions on the grounds that Wallace had failed to prove that she suffered any disability from her injury. See Wallace v. United Parcel Service, C.P. No. 2001-28276 & C.P. No. 2001-28176 (supplemental decision entered Aug. 3, 2005). The New Jersey Appellate Division affirmed the dismissal, and the New Jersey Supreme Court denied certification. The Division's decision constitutes a final judgment on the merits. In addition, the Division's finding that Wallace did not suffer from any disability was essential to the judgment dismissing her two worker's compensation claim petitions.

Wallace has conceded that the fiduciary duty and denial of benefits claims in the present action are based on UPS's handling of her June 1, 2001 injury, the same injury for which she sought and was denied worker's compensation in 2002. See Wallace Dep. 46-49, 81:1-23, 89-91, Oct. 28, 2008; see also Tr. of Summ. J. Hr'g 7, 12, September 2, 2009. Wallace has not claimed that she was not given a full and fair opportunity to present her occupational injury claims to the Division, nor has she submitted any evidence that her present claims are new or distinct.[1] Accordingly, Wallace is estopped from asserting her present claims for compensation against UPS.[2]

---

[1] To the extent that Wallace's claim for benefits could be read as a novel claim for long-term disability benefits under UPS' Health and Welfare Plan (the "Plan"), it is undisputed that Wallace, as a part-time employee, was not eligible to receive such benefits under the clear and unambiguous terms of the Plan. Thus, her claim fails as a matter of law.

[2] Furthermore, to the extent that Wallace's claims for benefits are essentially claims for worker's compensation, pursuant to the New Jersey Worker Compensation Act (the

4

Wallace also conceded that her present discrimination claims arise from the same conduct underlying the action that Wallace initiated, through counsel, against UPS in 2002 for alleged racial and sexual discrimination, retaliation, and hostile work environment, as well as violations of her Thirteenth, Fourteenth and Fifteenth Amendment rights, and rights under §§ 1983, 1984 and 1985.  (See D. N.J. Civ. No. 02-01685).

Wallace's workplace discrimination claims are therefore barred by the doctrine of *res judicata*, which precludes "not only claims that were brought in a previous action, but also claims that could have been brought."  In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).  All the factors required for the application of *res judicata* are present here: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  Id. (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d. 960, 963 (3d Cir. 1991).  We take a "broad view of what constitutes identity of causes of action [for the purposes of *res judicata*] - an essential similarity of the underlying events giving rise to the various legal claims."  United States

---

"Act"), the District Court does not have subject matter jurisdiction to hear worker's compensation claims.  See N.J.S.A. §§ 34:15-49 (providing that the "Division of Workers' Compensation shall have exclusive jurisdiction of all claims for workers' compensation benefits"); see also Subbe-Hirt v. Baccigalupi, 94 F.3d 111, 116 (3d Cir. 1996) ("Under the Act employees are barred from pursuing remedies against their employer or the employer's agent relating to injuries received by reason of the employment relationship, other than a worker's compensation claim under the Act.") (Cowen, dissenting).

5

v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d Cir. 1984) (internal quotations omitted).  In this case, Wallace raised virtually identical workplace discrimination claims in her first case against UPS.  Indeed, a substantial portion of her complaint is identical to the complaint filed with the District Court in 2002.  Wallace presents no evidence that her present workplace discrimination claims were not raised, or could not have been raised, in her previous action against UPS.  Although she contends that not "all of" her discrimination claims were previously heard by the District Court, Wallace has not shown why she should be allowed to pursue new claims now.  Accordingly, the District Court properly denied Wallace's summary judgment motion.

IV.

As Wallace's appeal presents no substantial question, we will summarily affirm the District Court judgment.  See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.